IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ANGELA SMITH                                             PLAINTIFF

vs.                                  Civil No. 2:25-cv-02005

FRANK BISIGNANO,
Commissioner, Social Security Administration                            DEFENDANT

**MEMORANDUM OPINION**

Angela Smith ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff filed her application for DIB on August 5, 2021 and for SSI on May 19, 2022. (Tr. 18).[1] In her applications, Plaintiff alleges being disabled due to herniated and bulging discs, sciatic nerve pain in the left leg, autoimmune problems, burning mouth syndrome, arthritis in the back, and

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 8. These references are to the page number of the transcript itself not the ECF page number.

1

back and hip pain. (Tr. 231). Plaintiff alleged an onset date of August 1, 2018 in both applications. (Tr. 18). Plaintiff's applications were denied initially and again upon reconsideration. *Id.*

Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted. (Tr. 134-191). The ALJ held a hearing on August 15, 2023. (Tr. 38-62). At this hearing, Plaintiff was present and represented by Caroline Lewis. *Id.* Plaintiff and Vocational Expert ("VE"), Larry Seifert testified at the hearing. *Id.*

Following the administrative hearing, on January 18, 2024, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 18-30). In this decision, the ALJ determined the Plaintiff met the insured status requirements of the Act through December 31, 2022. (Tr. 20, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 1, 2018. (Tr. 20, Finding 2).[2]

The ALJ then determined Plaintiff had the severe impairment of lumbar degenerative disc disease status post-surgery. (Tr. 21, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 23, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 23-28, Finding 5). Specifically, the ALJ found Plaintiff retained the RFC to perform the full range of sedentary work. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 28, Finding 6). The ALJ determined Plaintiff was not capable of performing any PRW. *Id.* However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform. (Tr. 29,

---

[2] The relevant period for consideration in this case is from August 1, 2018 (the date Plaintiff alleges that she became disabled) through January 18, 2024 (the date of the ALJ's decision).

2

Finding 10). Based upon this finding, the ALJ determined Plaintiff had not been disabled under the Act from August 1, 2018, through the date of the decision. (Tr. 29, Finding 11).

On January 24, 2025, Plaintiff appealed her administrative case to this Court. ECF No. 1. The Parties have consented to the jurisdiction of this Court. ECF No. 7. Both Parties have filed their appeal briefs, and this matter is now ripe for consideration. ECF Nos. 10, 12.

**2.    Applicable Law:**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel,* 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. ECF No. 10. In making this claim, Plaintiff argues the ALJ erred (1) in failing to properly consider her depressive disorder, (2) in failing to evaluate the impact of prescriptions, (3) in failing to properly consider her bladder issues or the effects of her tongue infection with problems swallowing, and (4) in failing to address a medical source statement. *Id.* In response, Defendant argues the ALJ did not err in any of his findings. ECF No. 12.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff's briefing provides little analysis other than to generally allege her mental and physical limitations cause her to be disabled. Her first point is to allege the ALJ erred in failing to properly consider her depressive disorder. ECF No. 10, Pg. 6. However, most of the medical reports relied upon by Plaintiff are outside the relevant period for consideration. The Plaintiff also failed to list any mental limitation as a basis for her disability in her initial application for benefits. (Tr. 231). The fact she did not allege any mental limitations as a basis for disability in her application for disability benefits is significant, even if the evidence of such was later developed. *See Smith v. Shalala*, 987 F.2d 1371, 1375 (8th Cir.1993). Finally, the ALJ set forth in detail a proper analysis as to why the Plaintiff did not have a severe mental impairment. (Tr. 21-23).

Plaintiff also argues the ALJ did not fully evaluate the impact of side-effects from medication she alleges interfere with her abilities to maintain work activities at an acceptable pace or drive. ECF

No. 10, Pgs. 6-7. Plaintiff's analysis is limited to her own testimony in support of her argument. Likewise, Plaintiff's argument that the ALJ failed properly consider her bladder issues or the effects of her tongue infection with problems swallowing is devoid of any analysis or development. ECF No. 10, Pg. 7.

Finally, Plaintiff argues the ALJ erred in failing to address a medical source statement from Dr. Scott Kuykendall which stated Plaintiff was "unable to do any gainful work." ECF No. 10, Pg. 7. The ALJ was correct to give it no analysis as the ALJ does not provide analysis regarding statements that a claimant cannot work. *See* 20 C.F.R. §§ 404.1520b(c)(3)(i), 416.920b(c)(3)(i).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **13th day of November 2025.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE